**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**MARIA VICTORIA DE LA CRUZ MUELLE, MIGUEL MUELLE, AND THEIR CONJUGAL PARTNERSHIP**

***Plaintiff*,**

**v.**

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY ("PRASA"), MAPFRE PRAICO INSURANCE CO., JOHN AND JANE DOE; INSURANCE COMPANIES ABC**

***Defendants*.**

Civil No. 25-01006 (MAJ)

**OPINION AND ORDER**

## I. Introduction

This personal injury action is brought by Plaintiffs Maria Victoria De La Cruz ("De La Cruz"), Miguel Muelle, and their conjugal partnership against Puerto Rico Aqueduct and Sewer Authority and its insurer Mapfre Praico Insurance Company (collectively, "PRASA") under 31 L.P.R.A. § 10801 of the Puerto Rico Civil Code.[1] De La Cruz filed this action seeking damages for the injuries she incurred during a fall allegedly caused by walking on a manhole cover that was uneven with the surrounding street. De La Cruz's Complaint (the "Complaint") alleges that PRASA is liable for negligently causing De La Cruz's injuries by failing to maintain the manhole at the intersection of Aboy Street and Ponce de Leon Avenue in safe condition for pedestrians. (**ECF No. 1 ¶ 22**).

[1] In addition to PRASA, De La Cruz also sued John Doe, Jane Doe, and Insurance Companies ABC. (**ECF No. 1 ¶¶ 5–6**).

Before the Court is PRASA's Motion for Summary Judgment filed on February 27, 2026. (**ECF No. 13**). PRASA argues that the Department of Transportation and Public Works ("DTPW") and/or any contractor performing the paving work on Puerto Rico's roads are responsible for leveling the pavement around all sewer structures in accordance with Act 79 of 2002, as amended by Act 149 of 2008, thereby negating any claims of negligence or premises liability against PRASA. (**ECF No. 13 at 7–9**). De La Cruz filed a Response on March 16, 2026, arguing that there is a genuine dispute of material fact as to who performed the paving at the accident site. (**ECF No. 14 at 3**). While PRASA claims it was the DTPW, De La Cruz asserts that the work order in question identifies no third-party contractor; but a PRASA brigade. De La Cruz also asserts that even if the court were to find that no issue of material fact exists as to who paved the road, summary judgment is not appropriate under other theories of negligence. The Court agrees. After examining the record and controlling law, the Court holds that a genuine dispute of material fact exists. Accordingly, the Motion for Summary Judgment is **DENIED**.

## II. Factual Background

### A. Findings of Fact[2]

On September 4, 2022, De La Cruz fell when stepping on a PRASA manhole located at the intersection of Aboy Street and Ponce de Leon Avenue in the Miramar section of San Juan. (**ECF No. 13-1 at 20–21**); (**ECF No. 13-5 at 1**). This sanitary sewer manhole is property maintained and administered by PRASA. (**ECF No. 13-5 at 1**). It is PRASA's responsibility to respond to any complaints or deficiencies reported regarding PRASA's sanitary sewer manholes. (**ECF No. 13-5 at 2**). On July 24, 2025, PRASA issued an

[2] The Court applies the strictures of Local Rule 56 in determining the undisputed factual record on a motion for summary judgment. *See infra* Part III.B.

Investigative Report (the "Report") and confirmed that the metal cover was 2.5 inches below the street's asphalt level. (**ECF No. 13-5 at 1**). The Report also confirmed that PRASA completed five work orders between October 2019 and April 2020 near and around the intersection of Aboy Street and Ponce de Leon Avenue. (**ECF 13-5 at 2**).[3] The only entrance to Aboy Street is through Ponce de Leon Avenue because it is a dead end. (**ECF No. 13-1 at 19:9–12**).

The work orders from the five projects identified in the Report do not directly indicate whether PRASA, the DTPW, or a contractor conducted work on the manhole at issue.[4] Instead, each work order provides a description of the complaint, the work performed and the general street or area name. (**ECF No. 13-5 at 4–8**). According to Work Order 58045934, on October 11, 2019, a work brigade was present for six hours at "Aboy Street Miramar" to repair a sanitary sewage line. (**ECF No. 13-5 at 4**). On December 13, 2019, PRASA completed a paving repair project at "Aboy Street Miramar" in approximately an hour, as per Work Order 58085399. (**ECF No. 13-5 at 5**). On January 2, 2020, according to Work Order 57997593, PRASA responded to a sewage overflow at the "Aboy Street Corner Ponce de Leon Miramar." This is the exact accident intersection. (**ECF No. 13-5 at 6**). Based on Work Order 58268594, on March 7, 2020, a sanitary sewer line was unclogged and cleaned at "607 Aboy Street San Juan." (**ECF No. 13-5 at 7**). PRASA's brigade returned to "607 Aboy Street San Juan" on April 22,

---

3 PRASA's work orders only list street names to reflect the general area in which the projects took place.

4 PRASA asserts that there were five total instances in which PRASA performed work at Aboy Street. Of those five, only three of them delt with paving. PRASA argues that none of these instances involved work on the manhole at issue. De La Cruz argues that none of the evidence provided by PRASA confirm that the manhole was not included in the work done during those three instances. Further, De La Cruz asserts that the work orders do not provide sufficient information (e.g. street number or GPS coordinates) to confirm where PRASA's work crew completed these projects.

2020, to unclog another sanitary sewage line as reflected by Work Order 58404382. (**ECF No. 13-5 at 8**). During each of these work projects, there was a PRASA brigade supervisor, and three sewer workers present at the scene. (**ECF No. 13-5 at 4–8**).

## III. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate when there is no genuine dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61, 68 (1st Cir. 2021). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party[.]" *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015). "A fact is material if it has the potential of affecting the outcome of the case[.]" *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021) (internal quotations and citations omitted).

"The party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). In opposing a motion for summary judgment, the non-movant "bears the burden of producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). In addition, the Court will "not engage making credibility determinations or weighing the evidence at the summary judgment stage[.]" *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### B. Findings of Fact

Under Local Rule 56, "[a] motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." D.P.R. Loc. Civ. R. 56(b). Similarly, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." D.P.R. Loc. Civ. R. 56(c). Both parties must support each asserted fact, denial, or qualification with citations to the record. D.P.R. Loc. Civ. R. 56(e). "[C]ompliance with Local Rule 56 is a mandate, not a suggestion." *Ramírez-Rivera v. DeJoy*, 693 F. Supp. 3d 210, 213 (D.P.R. 2023); *see also López-Hernández*, 64 F.4th at 26 ("We have repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it 'at their peril.'"). Accordingly, where a fact set forth by the movant has not been properly controverted, it will be deemed admitted. D.P.R. Loc. Civ. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").

## IV. Discussion

PRASA's only argument in support of summary judgment rests on the applicability of Act 79 and the premise that the DTPW is the entity responsible for paving all roads. De La Cruz disputes that assertion and alleges that even if the court were to find there is no issue of material fact as to PRASA's assertion, summary judgment would still fail under theories of negligence. According to De La Cruz, PRASA is negligently liable for injuries sustained by her under two theories of liability. First, De La Cruz charges that PRASA was negligent for breaching its duty to maintain the premises in reasonably safe condition and

to warn pedestrians of any dangerous conditions. (**ECF No. 1 ¶ 22**). Second, De La Cruz alleges that PRASA's repeated presence near the accident-site created constructive notice to support premises liability. (**ECF No. 1 ¶ 26**).

De La Cruz also outlines for the Court that PRASA breached its duty of care under several theories. First, assuming that the fall was caused by a defective manhole cover, De La Cruz alleges that PRASA failed in its responsibility to maintain its manhole cover in safe condition. (**ECF No. 14 at 7–8**). Second, even if the fall were caused by the pavement surrounding the manhole as opposed to the manhole itself, De La Cruz argues that PRASA's paving project near the incident site would create a third-party statutory duty under Act 79. (**ECF No. 14 at 3–5**). Lastly, De La Cruz asserts that PRASA's repeated presence near the intersection of the incident creates a triable issue of constructive notice as to the dangerous condition. (**ECF No. 14 at 5–6**). The Court proceeds to address all De La Cruz's claims in turn.

### A. Material Dispute as to PRASA's Paving at Incident Manhole

PRASA contends that because De La Cruz's injuries were caused by the unevenness created by the pavement, the duty to level all roads fall on DTPW pursuant to Puerto Rico Act 79. (**ECF No. 13 at 5–9**). Alternately, De La Cruz argues that there is a dispute of material fact whether PRASA itself performed the paving that created the height differential at the accident site. (**ECF No. 14 at 3**). Act 79 tasks DTPW with the "administration, maintenance and policing of the highways of Puerto Rico." 9 L.P.R.A. § 2201. This includes the "raising of manhole or sewer cover[s] to the road level, in every repaving work" where DTPW has no agreement with another government instrumentality. *Id.* § 2201(1). In August 2008, Act 79 was amended to expand this obligation to "every government agency, public instrumentality, municipal government,

and contractor" that is tasked with performing a government project on Puerto Rico's roads. *Id*. § 2201(2).

It is undisputed that PRASA conducted a paving project at "Aboy Street Miramar" on December 13, 2019as reflected by Work Order 58085399. (**ECF No. 13-5 at 2**). PRASA concedes in its Motion for Summary Judgment that three of the five-work orders involved "opening the ground and later covering the street again with asphalt." (**ECF No. 13 at 7**). Instead, PRASA argues that the work done in each of these projects was "somewhere else on the street" and not on the manhole at issue. *Id* But that fact alone is not enough to grant summary judgement, because the question of who paved the road that created the height differential where the accident occurred remains unanswered. This creates a genuine dispute of material fact whether PRASA itself or another entity was responsible for paving at the incident manhole. *See National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995) (holding that to forestall summary judgment the facts "must be sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side."). There is no third-party contractor referenced on any of the work orders, rather "PRASA Brigade" is listed under the work position for all projects. (**ECF No. 13-5 at 7**). PRASA provided no evidence of another government entity or subcontracted organization paving at Aboy Street and Ponce de Leon Miramar following PRASA's paving project in December 2019. Consequently, De La Cruz and PRASA present "differing versions of the truth which a factfinder must resolve at an ensuing trial" *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989). Since a triable issue exists on this ground, the court need not discuss any of the negligence theories brought by De La Cruz.

## V. Conclusion

For the foregoing reasons, the Court finds a genuine dispute of material fact exists as to PRASA's contention that Act 79 shields them from responsibility. Accordingly, summary judgment is not warranted. The Court therefore **DENIES** the motion for summary judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of September, 2026.

**s/ María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**